FILED
John E. Triplett, Acting Clerk
United States District Court

*By mgarcia at 10:30 am, Nov 30, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES JOSEPH BRIAN GRAY, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER ERIC WINGFIELD, et al., <br> individually and in their official capacities, <br><br> Defendants. | CIVIL ACTION NO.: 6:19-cv-63 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983, the Prison Rape Elimination Act, 42 U.S.C. § 15601 *et seq* ("PREA"), and based on violations of the prison's standard operating procedures.  Doc. 1.[1]  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1]   Plaintiff moved to amend his Complaint to include a claim against Defendant Johnson in his individual and official capacities.  Doc. 9.  The Court granted Plaintiff's motion to amend and directed the Clerk of Court to add "Chief Johnson, in his individual and official capacities."  Doc. 12.

## PLAINTIFF'S CLAIMS[2]

Plaintiff is currently incarcerated in Coastal State Prison in Garden City, Georgia. He alleges, however, while incarcerated at Jenkins Correctional Facility in Millen, Georgia, Defendant Wingfield sexually harassed him, violating his Eighth Amendment right to be free from cruel and unusual punishment. Doc. 1 at 9–10. According to Plaintiff, Defendant Wingfield referred to Plaintiff as a homophobic slur and made sexually explicit remarks about Plaintiff performing various sex acts. Id. at 11, 35, 44. Additionally, Plaintiff states he made Defendants Sapp, Dukes, Lawrence, Nelson, and Johnson aware of this harassment and they failed to follow the PREA protocol, violating the Act and Georgia Department of Corrections' operating procedures. Id. at 11–32, 36–44. Plaintiff is suing all Defendants in their individual and official capacities. Id. at 4–5; Doc. 9.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.     Official Capacity Claims

Plaintiff is suing all Defendants in both their individual and official capacities.  Docs. 1, 9.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections.  The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.

Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Failure to State a Claim

### A.     Defendant Wingfield

Plaintiff claims Defendant Wingfield's verbal harassment violates his Eighth Amendment right to be free from cruel and unusual punishment.  Verbal harassment alone does not amount to an Eighth Amendment violation.  Vasquez v. Georgia, No. CV 106-049, 2006 WL 1776238, at *2–3 (S.D. Ga. June 26, 2006) (citing Chandler v. District of Columbia Dep't of Corr., 145 F.3d 1355, 1360 (D.C. Cir. 1998)).  "The fact that Plaintiff may allege that the verbal harassment was sexual in nature does not change the Court's analysis."  Id. at *3 (citing Adkins v. Rodriguez, 59 F.3d 1034 (10th Cir. 1995)); see also Johnson v. Price, CV 319-038, 2020 WL 2858491, at *7 (S.D. Ga. Apr. 30, 2020) (finding derogatory comments about the plaintiff's penis size do not amount to Eighth Amendment violations); Jemison v. Mack, CIV.A. 12-00244, 2012 WL 2601382, at *3 (S.D. Ala. June 8, 2012) (holding verbal harassment by a prison official without sexual contact does not allege sufficient injury to state a claim under the Eighth Amendment).  Here, Plaintiff's allegations are limited to verbal sexual harassment.  Doc. 1 at 11, 35, 44.  While the comments purportedly made by Defendant Wingfield are certainly offensive, the comments do not rise to the level of an Eighth Amendment violation.  Accordingly, Plaintiff has not asserted a plausible Eighth Amendment claim against Defendant Wingfield in his individual capacity.

### B.     Defendants Sapp, Dukes, Lawrence, Nelson, and Johnson

Plaintiff alleges Defendants Sapp, Dukes, Lawrence, Nelson, and Johnson failed to properly handle the investigation into the alleged sexual harassment, violating the PREA.  Doc. 1 at 11–32, 36–44.  The "PREA was enacted by Congress to address the problem of rape in prison by creating national standards to prevent, detect, and respond to prison rape."  Diamond v. Allen, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) (citation omitted). However, the "PREA does not create a private cause of action for allegations of prison rape, or otherwise confer any extra rights outside of the normal prison grievance system . . . ."  Id. (citations and quotations omitted).  Accordingly, Plaintiff does not state any plausible claim under the PREA, as the PREA does not create a private cause of action.

Further, Plaintiff complains the above-mentioned Defendants violated Georgia Department of Corrections' Standard Operating Procedures for filing and investigating a PREA claim, violating his rights.  Doc. 1.  The PREA seeks to compile data and statistics concerning incidences of prison rape and to adopt standards to combat the same but "does not confer upon Plaintiff any extra rights outside of the normal prison grievance system."  Mosley v. Medlin, No. CV 313-086, 2014 WL 3110027, at *10 (S.D. Ga. July 7, 2014) (citing Jones v. Medlin, CV 312–040, 2012 WL 5025309, at *6 (S.D. Ga. Sept. 10, 2012)); see generally 42 U.S.C. §§ 15601–09.  "In a §1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated."  Rineholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999).  Put simply, Plaintiff's contention surrounding Defendants' alleged violation of the PREA protocol does not amount to a viable § 1983 claim. Mosley, 2014 WL 3110027 at *10.  Accordingly, Plaintiff does state any plausible § 1983 claim

against Defendants Sapp, Dukes, Lawrence, Nelson, or Johnson in their individual capacities for failing to follow Georgia Department of Corrections State Operating Procedures.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA